FILED

**NOT FOR PUBLICATION**

JAN 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO RAYMONDO-DIEGO, | No. 07-72625 |
| Petitioner, | Agency No. A096-194-955 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Alejandro Raymondo-Diego, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

the immigration judge's ("IJ's") decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we review due process claims de novo, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The IJ denied Raymondo-Diego's asylum application as time barred, and Raymondo-Diego does not challenge this finding.

Substantial evidence supports the IJ's denial of withholding of removal because the difficulties Raymondo-Diego suffered in Guatemala did not rise to the level of persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), and the unharmed presence of Raymondo-Diego's similarly situated family members undermines his fear of future persecution, *see Hakeem v. INS*, 273 F.3d 812, 816-17 (9th Cir. 2001). Substantial evidence also supports the IJ's finding that Raymondo-Diego failed to establish a pattern or practice of persecution against indigenous people in Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009).

In is opening brief, Raymondo-Diego fails to challenge the IJ's determination that he did not establish eligibility for CAT. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir.1996).

Finally, Raymondo-Diego's due process challenge to the BIA's summary affirmance is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003). And, his due process challenge that the IJ failed to analyze the country reports is contradicted by the record. *See Almaghzar v. Gonzales*, 457 F.3d 915, 921-22 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**